**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("DOJ") is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## STATEMENT OF FACTS

5. On August 9, 2022, Plaintiff submitted a FOIA request to the Mail Referral Unit, Justice Management Division ("MRU-JMD"), a component of Defendant, seeking access to the following public records:

1. All records documenting the authorization or approval by any Department of Justice official of the execution of a search warrant at the residence of President Trump on August 8, 2022.

2. The application for the search warrant described in part one of this request, including all affidavits filed in support of the application.

3. All records documenting the authorization or approval by any Department of Justice official of the application for a search warrant.

4. All records of communication between any official or employee of the Department of Justice and any official or employee of the United States Secret Service regarding the execution of the search warrant.

5. All records of communication between any official or employee of the Department of Justice and any official or employee of the Executive Office of the President regarding the search warrant.

6. All records of communication between any state, local, or county law enforcement agency in Florida regarding the execution of the search warrant.

The time frame for the request was identified as January 1, 2022 to the present.

6. By letter dated August 9, 2022, MRU-JMD acknowledged receipt of the request and advised Plaintiff that the request had been assigned Tracking Number EMRUFOIA080922.

7. By letter dated August 19, 2022, the Office of Information Management ("OIP"), another component of Defendant, advised Plaintiff that MRU-JMD had transferred Request EMRUFOIA080922 to OIP and that the request had been granted expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(iv). The letter also indicated that the request had been assigned a separate OIP tracking number, FOIA-2020-01656.

8. On August 9, 2022, Plaintiff submitted a second FOIA request to OIP directly seeking access to the following public records:

> 1. All meeting invitations, calendar entries, schedules, or similar records for Attorney General Garland, Deputy Attorney General Lisa Monaco, and/or Associate Attorney General Vanita Gupta pertaining to any meeting or telephonic conversation during which the search warrant executed at the residence of President Trump on August 8, 2022 was discussed.

The time frame of the request was identified as February 1, 2022 to the present.

9. By letter dated August 19, 2022, OIP acknowledged receipt of Plaintiff's second request and advised Plaintiff that the request had been assigned Tracking Number FOIA-2022-01662. OIP also advised Plaintiff that, like Request EMRUFOIA080922, Request FOIA-2022-01622 had been granted expedited processing pursuant to 28 C.F.R. § 16.5(e)(1)(iv).

10. On August 11, 2022, Plaintiff submitted yet another FOIA request to OIP seeking access to the following public records:

> 1. All emails and text messages sent to and from officials in the Offices of the Attorney General, Deputy Attorney General and Associate Attorney General regarding the

3

        search warrant executed on former President Donald Trump's residence on or about August 8, 2022.

2.     All meeting invitations and calendar entries of officials in the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General regarding the search warrant executed on President Trump's residence.

The request was submitted via Defendant's central website for FOIA, FOIA.gov.  The time frame of the request was identified as June 1, 2022 to the present.

12.     An automated redirect confirmed that Plaintiff's third request had been submitted successfully and was being sent to OIP.  The confirmation indicated that the request had been assigned Submission ID 423796.

13.     Plaintiff has received no further communication from OIP or any other component of Defendant regarding the August 11, 2022 request.

14.     As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with Plaintiff's requests; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

15.     Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

16.     Defendant is violating FOIA by failing to produce all records responsive to Plaintiff's request or demonstrate that the requested records are lawfully exempt from production.

17. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

18. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's requests by September 9, 2022 at the latest. Because Defendant failed to make a final determination on Plaintiff's requests within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to demonstrate that it employed search methods reasonably calculated to uncover all records responsive to Plaintiff's requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: September 22, 2022               Respectfully submitted,

*/s/ Ramona R. Cotca*
Ramona R. Cotca
D.C. Bar No. 501159
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:   (202) 646-5172
Fax:   (202) 646-5199
Email: rcotca@judicialwatch.org

*Counsel for Plaintiff*